Commonwealth, Appellant, *v.* Querubin.

Argued September 19, 1967.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Mark E. Dolin,* for appellee, submitted a brief.

OPINION BY WATKINS, J., December 14, 1967:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Philadelphia County suppressing evidence on the ground that the search and seizure was not incident to a lawful arrest.

The facts are as follows: At 12:00 o'clock noon on February 6, 1967, a police officer entered a gasoline station in Philadelphia and observed the defendant, John Querubin, handing a ten-dollar bill to the station attendant which appeared to the officer to be counterfeit.   He seized the bill, confirmed his judgment as to its spuriousness and took the defendant into the nearest detective division.   He placed him under arrest and the appellee concedes that the arrest was valid and legal.

At the time of his arrest and upon his arrival in the detective headquarters he was described as being nervous, jittery and glassy-eyed. The detective called the United States Secret Service and they sent an agent who accompanied the arresting detective while picking up other ten-dollar counterfeit bills alleged to have been passed by this appellee. These other bills were identical counterfeit bills to the one passed at the gas station.

Upon the arrival of the appellee in the detective headquarters he was requested to empty his pockets and his wallet was examined for additional counterfeit bills. None were found. After the detective and the agent discovered the additional bills that were passed at the Club, a thorough examination of the appellee took place. This was at approximately three o'clock p.m. The appellee was asked to remove his clothing and after a thorough search no additional counterfeit bills were found but a small cellophane bag of a heroin derivative, a narcotic drug, was found in a half-filled packet of life-savers. An examination of the appellee by the police surgeon disclosed a positive finding of drug addiction.

He was indicted on three charges: Unlawful use of a narcotic drug; felonious possession of a narcotic drug; felonious possession of a counterfeit ten-dollar bill.

The appellee filed a petition for suppressing the evidence alleging that the search was an illegal search and seizure because he was asked to strip himself of his clothing and empty the contents of his pockets upon the table.

The court below held that the search of the appellee was not an incident to the arrest because it was not contemporaneous therewith and therefore in violation of appellee's constitutional rights and ordered that the fruits of the search, "i.e., a small roll of life-savers

with a white packet inside" be suppressed. The Commonwealth appealed.

We believe the suppression of the evidence is an unreasonable extension of *Preston v. United States,* 376 U.S. 364, 84 S. Ct. 881 (1964). In this case, a vehicle case, the court did say at page 367: "It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime." And that the Supreme Court further said, "The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, *as well as by the need to prevent the destruction of evidence of the crime . . . But these justifications are absent where a search is remote in time or place from the arrest.*" (Emphasis supplied).

In *Cooper v. California,* 386 U.S. 58, 87 S. Ct. 788 (1967), also a vehicle case, the Supreme Court held that a search of a vehicle made a week after the arrest was legal and validated the use of the evidence discovered thereby. *Cooper* seems to weaken the effect of *Preston.*

However, our case is not a vehicle case. The instant case is one where the accused is placed under arrest and it has always been the law that the authorities have the right to search the person of the accused and seize the fruits or evidence of crime. *Weeks v. United States,* 232 U.S. 383, 392, 34 S. Ct. 341, 344 (1914).

As the Commonwealth ably contends:

"The scope of permissible search of the person following a valid arrest and the reason why its validity has never been questioned is well stated in Charles v. United States, 278 F. 2d 386, 388 (C.A. 9th Cir. 1960).

" '. . . (I)t seems to us that a search of the person of the accused, even for the purpose of uncovering evidence of a crime other than that which is charged, is generally incident to a valid arrest. Power over the body of the accused is the essence of his arrest; the two cannot be separated. To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets except for enumerated reasons is to ignore the custodial duties which devolve upon the arresting authorities. Custody must of necessity be asserted initially over whatever the arrested party has in his possession at the time of apprehension. Once the body of the accused is validly subjected to the physical dominion of the law, inspections of his person, regardless of purpose, cannot be deemed unlawful.'

"With respect to the validity of more thorough searching after the accused is taken to the police station, it is said in Charles (p. 389 fn.), 'Modern police practice calls for a thorough search at the station house of any person who is taken into custody as well as the "frisking" which takes place at the moment of arrest . . . Such searches are not unreasonable; they are an integral part of efficient police procedure.'

"We find no case holding that a search of the person at the police station, within an hour or two after the arrest is unreasonable and invalid. On the contrary, there are several reported cases holding delayed searches in the police station to be entirely proper. Thus is Baca v. People, 418 P. 2d 182 (Colo. 1966), a search by the jailer at the police station some time after the arrest which disclosed possession of marijuana was held proper.

"In State v. Ross, 269 N.C. 739, 153 S.E. 2d 469 (1967), the removal of defendant's trousers on the morning following his arrest was found not to be unreasonable or an unlawful search and seizure.

"In United States v. Margeson, 246 F. Supp. 219 (D.C. Me. 1965), the seizure of defendant's shoes approximately one hour after his arrest was held to be valid as incidental to arrest.

"We submit that the test in this case is solely that of the reasonableness of the search. How can it be said that a search made by the officers after completing an essential investigation was unreasonable? As was said in Commonwealth v. Cockfield, 411 Pa. 71, 77 (previously cited as to the meaning of reasonableness), 'The time which elapsed between the time of the arrest and the time of the search does not destroy the character of the search as incidental to the arrest. The search and seizure flowed naturally from and were part and parcel of the normal and logical consequences of the arrest.' "

It is difficult to catalogue cases based on different facts. Each case must stand on its own facts. Here, the original search at the police station amounted to no more than a "frisking" and the thorough search that took place several hours later was not unreasonable in view of the investigation turning up a number of counterfeit bills subsequent to the arrest. Under such circumstances it was most certainly reasonable and justifiable to perform a search to seek additional counterfeit bills that may well have been concealed on the person of the accused. The fact that none were found but the heroin was found does not turn a reasonable search into an unreasonable one and the fruits of the search is competent evidence of the commission of a crime.

A number of recent cases in other jurisdictions deal with matters close to the instant facts. A search of an arrested person at the time of his booking is "contemporaneous" to his arrest and is a reasonable search. *The People v. Jimmy Lee Ross*, 60 Cal. Rptr. 254, 429 P. 2d 606 (1967). In *O'Neal v. State*, 416 S.W. 2d

433 (1967), where the defendant was charged with rape and was directed to take off all his clothing, his shorts were properly submitted into evidence as the search was incident to the arrest. See also: *State v. Tippett*, 155 S.E. 2d 269 (1967); *State v. Dill*, 151 N.W. 2d 413 (1967); *Cotton v. United States of America*, 371 F. 2d 385 (1967).

In the instant case the thorough search resulted from the thorough investigation made by the federal agents and the narcotic agents who had been called in because of the finding of the counterfeit bill and the suspicious demeanor and glassy eyes of the accused. The search also disclosed the needle marks on his body. The frisking and the thorough search both took place in the police station so that there was no remoteness as to the place and under the facts of this case the passing of several hours while the appellee remained in custody did not make the thorough search unreasonably remote.

The order of the court below suppressing the evidence obtained from the search of the accused while under a valid arrest is reversed.