**Drury Reinhardt BASKERVILLE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5132.**

United States Court of Appeals Tenth Circuit.

Nov. 7, 1955.

Bruce Ownbey, Denver, Colo. (Earl Greinetz, Denver, Colo., was with him on the brief), for appellant.

James W. Heyer, Asst. U. S. Atty. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

PHILLIPS, Chief Judge.

Baskerville was charged by indictment containing 14 counts.

The first count charged that Baskerville and another conspired to commit an offense against the United States; to wit, that they had agreed to falsely make, counterfeit and forge genuine checks of the United States, drawn on the Treasurer of the United States, by forged endorsements thereon for the purpose of obtaining sums of money from the United States. The second count charged that Baskerville and another conspired to commit an offense against the United States; to wit, that they agreed to utter and publish as true, with intent to defraud the United States, certain false, counterfeit and forged writings. Each of such counts charged certain overt acts done for the purpose of carrying out and effecting the unlawful conspiracy.

Count Three charged that Baskerville did forge and counterfeit the signature of William Dubois, the payee of a check drawn on the Treasurer of the United States, by an endorsement on the reverse side of such check, for the purpose of obtaining and receiving the amount of such check from the United States.

Counts Five, Seven, Nine, Eleven and Thirteen charged like offenses, except that a different check and a different payee were alleged.

Count Four charged that Baskerville did utter and publish as true, with intent to defraud the United States, a forged check, drawn on the Treasurer of the United States, knowing the same to be forged and counterfeited, in that the endorsement of the lawful payee had been forged and counterfeited on the reverse side of such check.

Counts Six, Eight, Ten, Twelve and Fourteen charged like offenses, except that a different check and a different payee were alleged.

On a trial to a jury verdicts of guilty were returned on each of the several counts of the indictment, except Count Three and Count Five.

Baskerville was sentenced to a term of imprisonment for a period of three years on each of Counts One and Two; such sentences to run concurrently. He was further sentenced to a term of imprisonment for a period of four years on Count Four; to run consecutively with the terms of imprisonment imposed upon Counts One and Two. He was further sentenced to a term of imprisonment on each of the remaining counts on which he was convicted for a term of four years; each of such sentences to run concurrently with each other and concurrently with the term of imprisonment imposed upon Count Four.

Baskerville was arrested and taken into custody by United States Secret Service agents on December 23, on a warrant duly issued by a United States Commissioner upon a proper criminal complaint filed with such Commissioner. He was taken to the jail of the City and County of Denver, Colorado, and was searched by the jail officers and his personal property placed in an envelope. On the same day he was taken before the United States Commissioner at Denver and committed for failure to give bond. The envelope had been stored with the property custodian of the Denver County Jail. On January 6, 1954, a United States Secret Service agent went to the County Jail and received permission from the warden of the jail to examine the defendant's effects in the envelope. On such examination a United States Department of Agriculture identification card, purporting to be issued to William Dubois and to be signed by Eugene D. Moran, Chief of the Administrative Services Division, Department of Agriculture, was found. The two signatures on the identification card had been forged. The Secret Service agent took possession of the card and it was later offered in evidence at the trial as Government Exhibit 1. Baskerville ob-jected to the introduction of Exhibit 1 on the ground that it had been obtained in an illegal search and moved to suppress the exhibit. The trial court recessed the trial and heard the motion in chambers. At the hearing on the motion Baskerville categorically denied that the card was ever among his possessions; that it had been taken from him at the County Jail, or that it was among his possessions at the jail. He denied any interest, possessory or otherwise, in the card.

█ Counsel for Baskerville concede that the arrest was lawful. The search was incident to a lawful arrest. The fact that the search was not made until Baskerville was taken to the County Jail from the point of his arrest in Denver, which was only a comparatively short time, did not, in our opinion, prevent the search from being an incident to a lawful arrest. The forged card was material evidence in the Government's case. Baskerville had used a great many of such cards in cashing the checks with the forged endorsement of the payee.

█ On the other hand, if the card was never in the possession of Baskerville and was not taken from his person at the time of the search at the County Jail and he had no interest therein, the seizure of the card by the United States Secret Service agent was a matter with respect to which Baskerville had no right to complain. The right of protection against unreasonable searches and seizures is personal. To render the seizure unlawful, the defendant must claim some proprietary or possessory interest in that which was seized and sought to be introduced in evidence against him.[1]

The contention that Baskerville was denied a speedy trial is wholly without merit.

Affirmed.

1. Steeber v. United States, 10 Cir., 198 F.2d 615, 617, 33 A.L.R.2d 1425; Harvey v. United States, 90 U.S.App.D.C. 167, 193 F.2d 928, certiorari denied 343 U.S. 927, 72 S.Ct. 760; 96 L.Ed. 1337; Coon v. United States, 10 Cir., 36 F.2d 164, 165; Williams v. United States, 10 Cir., 66 F.2d 868, 869.