James D. CHARLES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16477.

United States Court of Appeals
Ninth Circuit.

May 4, 1960.

Walter H. Duane, Robert B. McMillan, San Francisco, Cal., Howard K. Hoddick, Honolulu, Hawaii, Arthur J. Phelan, San Francisco, Cal., for appellant.

Louis B. Blissard, U. S. Atty., Rex S. Kuwasaki, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before CHAMBERS, BONE and MERRILL, Circuit Judges.

BONE, Circuit Judge.

Appellant stands convicted on four counts of an indictment, two counts charging unlawful acquisition and importation of a package of marijuana found upon his person and two counts containing similar charges in regard to a second package discovered in his garage. Appellant contends that both packets of narcotics were wrongfully admitted into evidence; that they were obtained by searches and seizures which violated the Fourth Amendment.

 Five members of the Honolulu Police Department arrested appellant at the door to his home upon two warrants sworn out by his wife charging threatening and assault and battery. Appellant invited the officers inside the house while he read the warrants. He was "frisked" at this time and found to be unarmed. A patrol wagon was summoned to pick up the prisoner. One of the officers testified that as he walked into the house he detected the odor of burning marijuana in the air. Another officer accompanied appellant's sister-in-law outside the house to an automobile in order to get appellant's eyeglasses. Upon their return this officer stated to another officer that appellant was supposed to have marijuana on his person. Appellant was told to empty his pockets on the kitchen table. Among the articles thus placed in view lay the first packet of marijuana. Appellant was then arrested for the unlawful possession of narcotics, and a subsequent search of the premises revealed the second packet in the garage. The officers did not have a search warrant.

Appellant makes a three-pronged argument. He contends (1) that in dealing with the admissibility of evidence obtained by police officers of a municipality in the then Territory of Hawaii, federal courts must apply the rule of Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, rather than the so-called "silver platter" doctrine pronounced in Lustig v. United States, 1949, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819; (2) that by causing appellant to empty his pockets on the kitchen table the officers engaged in an unlawful search which cannot be considered incident to the admittedly valid arrest upon the two warrants for threatening and assault and battery; (3) that there was no probable cause to arrest appellant at any time prior to the search of his pockets for the unlawful possession of narcotics; and that the police could neither search his person nor his garage as an incident thereof.

We think both packages of marijuana were lawfully obtained. Consequently, we find it unnecessary to determine which exclusionary rule would apply when territorial law enforcement officers consummate a search in contravention of the Fourth Amendment.[1] Clearly, if the packet of marijuana from appellant's pocket was properly acquired, the subsequent arrest for unlawfully possessing

---

1. The "silver platter" doctrine is currently under fire. Compare Hanna v. United States, 1958, 104 U.S.App.D.C. 205, 260 F.2d 723 with United States v. Camara, 7 Cir., 1959, 271 F.2d 787. A pertinent Supreme Court decision is forthcoming. See 359 U.S. 965, 79 S.Ct. 881, 3 L.Ed.2d 833, granting certiorari in Rios v. United States, 9 Cir., 1958, 256 F.2d 173.

narcotics was founded upon probable cause enabling the police to search the premises for the purpose of finding further evidence of the narcotics violation and to seize in the course of that search the second package of marijuana. Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Williams v. United States, 9 Cir., 1959, 273 F.2d 781, 795, certiorari denied 80 S.Ct. 862.

 It is beyond dispute that an officer making a valid arrest may search the person of the accused as an incident of his arrest. Weeks v. United States, supra, 232 U.S. at page 392, 34 S.Ct. at page 344; Carroll v. United States, 1925, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543; Agnello v. United States, 1925, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145. Courts have historically permitted such a search for a number of reasons. Closson v. Morrison, 1867, 47 N.H. 482 (to protect arresting officer, to deprive prisoner of means of escape); Reifsnyder v. Lee, 1876, 44 Iowa 101 (to avoid destruction of evidence). See United States v. Rabinowitz, supra, 339 U.S. at page 72, 70 S.Ct. at page 437 (dissenting opinion); Dillon v. O'Brien, 16 Cox Crim. Cas. 245 (Exch. Ireland 1887). Here the record clearly shows that the search of appellant's pockets was designed to uncover narcotics although appellant was not yet under arrest on narcotics charges. In other words, the purpose of the search was to obtain evidence of a crime different from that for which appellant was arrested. A search of appellant's premises provoked by such a purpose would violate the Fourth Amendment. United States v. Lefkowitz, 1932, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. Our problem here is whether or not the second search of appellant's person was similarly invalidated because the police were seeking to obtain evidence of a crime uncharged. Assuredly, a second search of appellant's person for concealed weapons, improving upon the earlier, desultory "frisking" would not abrogate constitutional strictures.

 Searches of both the person arrested and the place where the arrest is made derive their legality in the absence of a search warrant from the existence of a lawful arrest. Without probable cause to arrest, subsequent searches either of person or property violate the Fourth Amendment. That a search is incident to a valid arrest saves it from proscription. The apparent reasoning behind this principle is that once a valid arrest is made, the privacy of the accused has for the most part been lawfully destroyed. Further intrusion connected with and justified by the fact of arrest should not be precluded. Accordingly, a search of the place of arrest for evidence of the crime for which the accused has been arrested is permissible. However, if police action is not justified by or connected with the arrest, such as when a search of the place of arrest is designed to uncover evidence of a crime other than the one upon which the arrest was made, the further intrusion upon privacy cannot be tolerated. When a search has nothing to do with the arrest, it cannot be deemed incident to the accused's apprehension. Divorced from the search, the fact of arrest does not justify impairment of the right to privacy.

 On the other hand, it seems to us that a search of the person of the accused, even for the purpose of uncovering evidence of a crime other than that which is charged, is generally incident to a valid arrest. Power over the body of the accused is the essence of his arrest; the two cannot be separated. To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets except for enumerated reasons is to ignore the custodial duties which devolve upon arresting authorities. Custody must of necessity be asserted initially over whatever the arrested party has in his possession at the time of apprehension. Once the body of the accused is validly subjected

to the physical dominion of the law, inspections of his person, regardless of purpose, cannot be deemed unlawful, see People v. Chiagles, 1928, 237 N.Y. 193, 142 N.E. 583, 32 A.L.R. 676, unless they violate the dictates of reason either because of their number or their manner of perpetration.[2] Hence, we think that the second search of appellant's person was permissible under the Fourth Amendment, and the packet of marijuana thereby obtained was properly admitted into evidence. Consequently, as previously noted, the search for the second package was also lawful, and it too was properly seized and correctly admitted in evidence.

In deciding as we do, we need not determine whether or not the police officers, having lawfully entered appellant's house at his invitation, had probable cause to arrest him for a narcotics violation on the sole strength of the identifiable odor of burning marijuana in the air, a nice problem further complicated by the fact that both appellant and his sister-in-law were present in the room where the odor was detected. See Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.[3] Nor need we determine, assuming probable cause to arrest on narcotics charges, whether or not the search of appellant's pockets was justified as an incident of that arrest. The search followed both the acquisition of the assumed probable cause for the narcotics

arrest and the arrest upon the warrants for assault and battery and threatening, but it preceded the formal announcement of the narcotics arrest of which it might be deemed an incident. In this regard, *compare* People v. Simon, 1955, 45 Cal.2d 645, 290 P.2d 531 *with* Papani v. United States, 9 Cir., 1936, 84 F.2d 160.

The judgment of the lower court is affirmed.

---

2. Modern police practice calls for a thorough search at the stationhouse of any person who is taken into custody as well as the "frisking" which takes place at the moment of arrest. See Honolulu Police Department, General Orders at p. 50 (1957); San Francisco Police Department, Rules and Procedures, §§ 12.47–12.51; United States Marshals Manual at p. 704.01; Cahalane, The Policeman's Guide at p. 113 (1952); Skehan, Modern Police Work at p. 357 (1939). Such searches are not unreasonable; they are an integral part of efficient police procedure. See Baskerville v. United States, 10 Cir., 1955, 227 F.2d 454. We cannot say that an accused may be thoroughly searched for a second time at the stationhouse, but not pending the arrival of the patrol wagon. No right to privacy

would be enhanced by such a position. We would only be affording the accused the opportunity to dispose of incriminating evidence before he reaches the place of initial detention.

3. In the absence of an applicable federal statute the validity of an arrest without a warrant is a matter of local law. United States v. Di Re, 1948, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210; Johnson v. United States, supra, 333 U.S. at page 15, 68 S.Ct. at page 369; Miller v. United States, 1958, 357 U.S. 301, 305, 78 S.Ct. 1190, 2 L.Ed.2d 1332. The Hawaii statute applicable in the present case is 2 Rev.Laws of Hawaii 1955, § 255–5. No Hawaii decision deals with probable cause predicated upon the sense of smell.