**UNITED STATES of America,
Plaintiff,**

v.

**Michael PASTERCHIK, Defendant.**

**No. CR 66-137.**

United States District Court
D. Oregon.

Nov. 8, 1966.

Charles H. Habernigg, Asst. U. S. Atty., and Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff.

Robert Christ, Dusenbery, Martin, Beatty, Parks and Templeton, Portland, Or., for defendant.

## ORDER ON MOTION TO SUPPRESS

KILKENNY, District Judge.

It is my finding that the officers had probable cause to believe that Pasterchik was the man described in the warrant and in the telephone conversation. The informant's information was reasonably corroborated by other matters within the officers knowledge even though the agents had no basis in experience for confidence in the reliability of the information, Wong Sun v. United States, 371 U.S. 471, 480, 83 S.Ct. 407, 9 L.Ed.2d 441. But a substantial basis for crediting the hearsay may be found in other circumstances, particularly in the officers verification of details of the informant's statement before the officers act. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697; United States v. Nori, 352 F.2d 910 (7th Cir. 1965); Jones v. United States, 326 F.2d 124 (9th Cir. 1963), and other cases cited in Gilbert v. United States, 366 F.2d 923 (9th Cir., September, 1966). Here, the officers looked in the window and saw the man who answered the informant's description and also noticed the Thunderbird automobile which the informant had mentioned to them. Once on the premises, the officers could lawfully observe what was in plain sight. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. This would include the billfold and the papers on top of the dresser. We must keep in mind that the Government agents went to the address which had been described by one of the informants and on approaching the house noticed that the automobile was of the same general description as the one described by one of the informants. The defendant even answered as Michael Pasterchik when the officers made inquiry at the door of the residence. Obviously, the officers were then justified in placing the defendant under arrest under the unlawful flight charge. At that time there was probably not sufficient information to arrest on a Dyer Act charge. The fact that the billfold was not given a thorough check until after the defendant had appeared at the preliminary hearing is not, in my opinion, of any particular significance. The search was made within a reasonable time under the circumstances. Baskerville v. United States, 227 F.2d 454 (10th Cir. 1955); Abel v. United States, 362 U.S. 217, 224, 80 S.Ct. 683, 4 L.Ed.2d 668 (1959).

I cannot agree with the defendant's contention that the information on the stolen Thunderbird automobile had no relationship with the crime of unlawful flight. I probably could take judicial notice of the fact that many unlawful flights are connected with the theft and interstate transportation of a stolen automobile. Therefore any information that the officers could get with reference to the vehicle in which the defendant made the flight, would be relevant and material evidence on that charge of crime. This theory is supported by Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), cited by defendant. Additionally, the search of the billfold as to the names previously used by the defendant and as to other material therein located, could well be relevant and material on the charge of unlawful flight. Under certain circumstances, the defendant could well contend that he had no intention of avoiding prosecution in Arizona. On the other hand, if he used a number of aliases and a stolen automobile in leaving the state, a trier of the facts could well conclude that unlawful flight was his intention. Therefore, on the evidence before me, I find that both searches of the billfold were legal as an incident to a lawful arrest.

Shortly after the wallet was searched, the officers received a telephone call from Attebury and also talked to the homeowner, Mrs. Dorsey. It was during these conversations that the officers made inquiries with reference to a violation of the Dyer Act. This, of course, was after the final search of the billfold. When the officers returned to the Dorsey residence they had, in my opinion, probable cause to believe that the

Thunderbird automobile had been stolen by the defendant Pasterchik, that he had driven it across state lines and was, therefore, in violation of the Dyer Act. Therefore, when the officers returned to search the home, with the consent of the owner, they had probable cause to believe that defendant had committed two crimes and that material evidence of the commission of those crimes might be obtained on such a search. Since the owner of the home gave permission to the search, and since the officers found nothing in what might have been viewed as the room personally set aside to the defendant, a search warrant was unnecessary. Heretofore, I have found, and I again find, that the room in which the officers found the exhibits 3 to 23, inclusive, was the room occupied by the daughter of the owner and was part of the premises, owned, controlled and possessed by the owner, rather than defendant. The fact that his suitcases and some clothing may have been in the room does not require another conclusion. The exhibits mentioned were left by defendant in plain sight on top of the dresser in the daughter's room. Additionally, defendant made no attempt to conceal the typewriter, which I again find was open to view and on the property owned, controlled and possessed by Mrs. Dorsey.

Of considerable importance is the telegraphic information the officers had from Detroit and Denver, particularly with reference to the stolen Michigan license plate which matched the number under which the defendant registered at the Portland Motor Motel. The fact that a motor vehicle was carrying a stolen license plate would certainly be probable cause to believe that the vehicle had been stolen.

■ The officers having probable cause to believe the automobile had been stolen, likewise had probable cause to search the trunk, the keys to which, were made available to them, by Mrs. Dorsey.

Neither United States v. Rees, 193 F. Supp. 849 (D.Md.1961), aff'd Rees v. Peyton, 341 F.2d 859 (4th Cir. 1965), nor United States v. Abel, 258 F.2d 485 (2d Cir. 1958), nor other cases cited by defendant support his position. Of course, I recognize that there is a distinction between an unlawful search and an unlawful seizure, as recognized in Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921), and similar cases.