471 P.2d 164

**The STATE of Utah, Plaintiff and Respondent,**

v.

**David FARNSWORTH, Defendant and Appellant.**

**No. 11976.**

Supreme Court of Utah.

July 6, 1970.

Clyde, Mecham & Pratt, George M. Mecham, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., Darwin C. Hansen, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal (in a case charging assault with a deadly weapon, a felony,) from a conviction for simple assault (an included offense), upon a jury's guilty verdict. Affirmed.

The believable facts based on competent, substantial, admissible evidence may be abstracted as follows: About 1:30 a. m., one Manning, manager of a tavern, had served a person that within minutes of the event, subject of this case, he identified as defendant Farnsworth. The latter had demanded another drink, which Manning refused to serve because a last call had been announced before the 2:00 a. m. closing hour. At that juncture Farnsworth pulled a gun and pointed it at Manning whom he dubbed a son-of-a-bitch, threatening to

shoot him. Manning told him to put the gun away or he would call the police. When Farnsworth refused to comply, Manning did just that. Farnsworth departed. The police dispatcher called two officers in the area, advising them there was "a man with a gun" at the tavern. The officers arrived within minutes. The first to arrive saw a car leaving the tavern and was told by a bystander: "There he goes * * * in that car." The officer stopped the car driven by Farnsworth, whom he frisked, handcuffed and placed in the police car at which time he recited the Miranda bit. The other officer arrived while this was going on, looked in the car, and found a fully-loaded pistol under the driver's seat. Manning, who had come out of the tavern, positively identified Farnsworth as the man with the gun.

Defendant's witnesses, two past or present jail inmates, and two wives, one of whom was driving her boy friend's car, and the other purportedly searching for her lost or stolen husband, spun a flaccid yarn of dedicated defense for their newly found friend, Farnsworth, that would merit a failure even in an institution dedicated to half-truth.

Defendant was represented by three different counsel, the third of which, appointed by the court, did a most commendable job of preparing a brief and presenting oral argument, advancing almost every conceivable argument available in behalf of his client,—for all of which gratuitous service this court is profoundly grateful.

No motion for new trial was filed, and no exceptions taken. Practically none of the many points on appeal was urged in the court below but was urged for the first time on appeal. Generally, such matters are not subject to consideration by this court.

The brief on appeal presents a veritable shotgun urgence for reversal, running the gamut of authorities touching unlawful seizure on warrantless search, standing in court to claim nonadmissibility of evidence taken from a bailed vehicle, nonadmissibility of on-the-spot and in-court identification because counsel was not present, search before arrest, etc.

We are not unmindful of the authorities cited by Farnsworth's counsel, except to say they have to do only with matters not raised prior to this appeal, and more particularly are apropos of situations factually not akin to those reflected here. It might be suggested that one of the authorities mentioned by defendant's counsel,—State v. Criscola,[1] —more nearly appears to be dispositive of our instant case, calling for affirmance of the conviction.

We believe the facts here are not susceptible to splitting, in the circumstances evident in this case so as to immunize an offender by way of hairline chronology.

1. 21 Utah 2d 272, 444 P.2d 517 (1968).

We are unimpressed with the urgence that an officer who failed to announce that the suspect was under arrest *before* he was handcuffed, or that another officer did not rush to a magistrate for a warrant before taking a loaded gun from the suspect's car, under the facts of this case cannot be an integral part of a lawful arrest,[2] —which we hold was the case here. Each case must stand or fall on its own facts. We conclude that the evidence introduced clearly was acquired in making a lawful arrest.[3]

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

2.  State v. Lopez, 22 Utah 2d 257, 451 P.2d 772 (1969); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Title 77–13–3(5), Utah Code Annotated 1953, allowing an arrest at night without a warrant, where there is reason to believe a person has committed a felony.

3.  Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).