508 P.2d 534

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Tino Bill TORRES, Defendant and Appellant.**

No. 13036.

Supreme Court of Utah.

March 28, 1973.

Lynn R. Brown, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Kent S. Lewis, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Tino Bill Torres seeks reversal of his conviction of having robbed the Star Service Station at 1055 West North Temple in Salt Lake City on the night of January 14, 1972. The basis of his attack upon the judgment is that he was convicted by the use of evidence which was obtained by an illegal search of the car in which he was riding shortly after the crime.

At about 11:15 P.M. that night a man (later identified as the defendant) entered the service station and forced the attendant at gun point to put about $35 into a bag and hand it over to him. Some witnesses observed the defendant (described as a young Mexican-American, with shoulder-length black hair, wearing a brown leather jacket and gray slacks) running northwesterly from the service station. By 11:20 P.M. Police Officer D. G. Madsen, who was patrolling in that vicinity, had received a radio report of the facts just stated. Minutes later, about 11:30 P.M., Officer Madsen, at a well-lighted intersection about three blocks northwest of the crime, observed two young men in a yellow Volkswagen. He signaled the car to stop.

Upon approaching he saw that one young man closely fitted the description he had been given. When he asked the suspect to get out of the car, he noticed some money on the floor, which he found amounted to approximately $35. On the basis of these observations he placed the defendant under arrest and impounded the money as evidence.

It does not seem open to reasonable question that the just stated observations made by Officer Madsen justified placing the defendant under arrest.[1] Moreover, the rule is well-established that upon making such a lawful arrest a police officer may seize any evidence for which there is a reasonable basis to believe is connected with the suspect or under his control and would be probative of this or other crime.[2]

The defendant does not contend contrary to the propositions just stated. His argument is that it was a violation of his rights for Officer Madsen to stop the car because he then did not have any justification for doing so; and that consequently there was no proper foundation for the arrest and the seizure, wherefore the evidence was illegally obtained and should have been suppressed. We do not disagree with one basic proposition which underlies defendant's argument: that police officers may not arbitrarily and without justification stop automobiles of law-abiding citizenry to conduct "fishing expedition" searches for evidence of some crime. This undoubtedly would transgress the constitutional protections of being ". . . secure in their persons, . . . [and free from] . . . unreasonable searches and seizures."[3] But to be weighed with this are the practical exigencies involved in law enforcement.

When a serious crime has been committed, the law-abiding citizenry should be willing to put up with a moderate amount of inconvenience to cooperate with officers attempting to capture suspects. In some

1. Section 77-13-3, U.C.A.1953, states: ". . . A peace officer may . . . without a warrant, arrest a person: . . . (3) When he has reasonable cause for believing the person to have committed a public offense, although not in his presence, and there is reasonable cause for believing that such person before a warrant can be obtained and served may: (a) . . . conceal himself to avoid arrest, or (b) Destroy or conceal evidence of the commission of the offense, . . ."; and see State v. Dodge, 12 Utah 2d 293, 365 P.2d 798.

2. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969);

Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; that evidence so seized need not be limited to the particular crime see Ramirez v. Rodriguez, 467 F.2d 822 (10th Cir. 1972) at 824; and that this is particularly so as to automobile because of its mobility see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, cited by us with approval in State v. Richards, 26 Utah 2d 318, 489 P.2d 422.

3. Art. I, Sec. 14, Utah Const.; Amendment IV, U.S.Const.

situations it is necessary and therefore justifiable to resort to measures which otherwise might be considered improper intrusions, such as setting up road blocks and checking cars or conveyances in the area. In such exigencies it is essential that a reasonable degree of tolerance be indulged as to the judgment of police officers, so long as they are acting in good faith and within standards of decent and decorous behavior.[4] It should be kept in mind that the test to be applied on the question as to whether there has been a violation of the constitutional rights referred to above is one of reasonableness: that is, whether fair-minded persons, knowing the facts, and taking into consideration not only the rights of the individuals involved in the inquiry or search, but also the broader interests of the public to be protected from crime and criminals, would regard the conduct of the officers as being unreasonable.[5]

Further pertinent here are these principles: that it is primarily the responsibility of the trial court to determine the question of reasonableness, and to rule upon the admissibility of evidence; that his rulings are indulged with a presumption of correctness; and that they should not be disturbed unless it clearly appears that he was in error.[6]

Applying the principles discussed herein to the facts of this case we see nothing which would justify overturning the conviction.[6] Accordingly, it is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT, and TUCKETT, JJ., concur.

---

4. That justifiable suspicion of a police officer affords a proper constitutional basis for stopping a person and momentarily restraining the person's freedom see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1967).

5. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; State v. Richards, 26 Utah 2d 318, 489 P.2d 442; State v. Criscola, 21 Utah 2d 272, 444 P. 2d 517.

6. State v. Criscola, footnote 5 above.