The STATE of Utah, Plaintiff and
Respondent,

v.

Theodore LOPES, Defendant and Appellant.

No. 14327.

Supreme Court of Utah.

July 15, 1976.

Lynn R. Brown, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant, Theodore Lopes, seeks reversal of his conviction of carrying a concealed weapon in violation of Section 76–10–504, U.C.A.1953. His contention is that the core evidence against him, the weapon, was obtained as a result of an unconstitutional search and seizure.

On June 1, 1975, at approximately 5:30 p. m., the defendant and a woman companion were riding in the defendant's car near Fourth West and Second South and were observed by Salt Lake City police officers, who recognized the woman as one for whom there was an outstanding arrest warrant. The officers ordered defendant to stop and one of them proceeded to place the woman under arrest. The other officer asked to see the defendant's driver's license and made a check, by radio, with police headquarters. Upon so doing, it was disclosed that the defendant was also subject to an outstanding warrant for a traffic violation. He placed defendant under arrest; and a search of his person revealed a pistol tucked in his waistband.

The defendant recognizes that the police officers are authorized by Section 41–2–15, U.C.A.1953, to check his driver's license. But he argues that when nothing is found amiss: that is, that the driver's license and the vehicle registration are in order, that exhausts the officer's prerogative. Wherefore, he urges that his ensuing arrest and search were illegal; so that the discovery and the taking of his pistol could not constitute legal basis for the charge against him.

The pertinent Utah and federal constitutional provisions are identical:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated:[1]

It is important to have in mind the purpose those constitutional provisions are intended to serve; and that it is not all searches which are proscribed, but only unreasonable ones.[2] The test to be applied is whether fair-minded people, in weighing the necessary accommodation between the rights of individuals to be free from unnecessary harassment or oppression and the interest of the public in being protected from crime, would regard the police officer's conduct as unreasonable.[3] And further, that this determination is primarily for the trial court; and that it will not be upset unless it is persuasively shown to be in error.

We also observe that when a warrant of arrest is issued, it is obviously impossible for every peace officer who might apprehend the accused to have the warrant in his possession. There is no impropriety in his receiving that information by any reliable means, including by telephone or two-way radio, and thus serving the warrant. It was by the latter means that the officer here learned of the warrant for the defendant's arrest. It is well settled that in making a lawful arrest an

1. Utah Constitution, Art. I, Sec. 14; U.S. Constitution, Amendment IV.

2. *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; *State v. Criscola*, 21 Utah 2d 272, 444 P.2d 517 (1968).

3. *State v. Torres*, 29 Utah 2d 269, 508 P.2d 534 (1973); and authorities cited therein; and see also *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

officer may make a search of the person arrested and the immediate physical surroundings to check for evidence of crime or dangerous weapons.[4]

For the reasons above stated we see nothing unlawful about the search by the officer in performing a lawful arrest pursuant to the warrant for the defendant.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

MAUGHAN, Justice (concurring in the result):

In the result, I concur, but believe a constitutional issue of this magnitude merits greater specificity of the relevant guidelines. Section 41–2–15, U.C.A.1953, authorizes a peace officer to stop a motor vehicle to determine if the driver possesses a valid operator's license. If the document is in order, do the Fourth and Fourteenth Amendments allow the police to continue the detention period, while a radio check for outstanding warrants is made?

The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest. [Citations] "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person," [Citation] and the Fourth Amendment requires that the seizure be "reasonable." As with other categories of police action subject to Fourth Amendment constraints, the reasonableness of such seizures depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers. [Citations][1]

The purpose of Section 41–2–15, U.C.A. 1953, is to promote traffic safety by checking to determine that operators of motor vehicles are duly licensed, and not to aid the State in the identification and apprehension of criminals.

. · . . the stop and inquiry must be "reasonably related in scope to the justification for their initiation."[2]

. . . any further detention or search must be based on consent or probable cause.[3]

Under the guise of promoting traffic safety, a person may not be detained and his operator's license retained by the police, while a radio check for outstanding warrants is made. However, such a ruling does not preclude a policeman from making a reasonable investigatory stop, under appropriate circumstances, in an appropriate manner; even though there is no probable cause to make arrest.

. . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. [*Terry v. Ohio*] See id., 392 U.S. 1 at 23, 88 S.Ct. 1868, 20 L.Ed.2d 889 at 907. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. [Citations][4]

In the instant case, the police did not make the stop to determine if defendant were a licensed driver. The vehicle was stopped to apprehend the passenger by exe-

---

4. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) ; *Baca v. People*, 160 Colo. 477, 418 P.2d 182 (1966) ; *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

l. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975).

2. Id. 422 U.S. at 881, 95 S.Ct. at 2580.

3. Id. 422 U.S. at 882, 95 S.Ct. at 2580.

4. *Adams v. Williams*, 407 U.S. 143, 145–146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 616–617 (1972).

cuting a warrant of arrest. Under these circumstances it was not unreasonable for the police momentarily to maintain the status quo, while they established the identity of the driver and obtained available information about him. This limited intrusion of defendant's liberty was justified on the specific facts, extent here, atlhough there was no probable cause for his arrest. The temporary detention of defendant did not violate his rights under the Fourth and Fourteenth Amendments.[5]

5. See *State v. Thomas*, 24 Ariz.App. 230, 537 P.2d 615 (1975), for the circumstances under which an investigative stop is valid; *State v. Byers*, 85 Wash.2d 783, 539 P.2d 833, 836 (1975), "The test of the validity of such brief detention is whether from the totality of the circumstances it appears that the detention was based upon reasonable grounds and was not arbitrary or harassing."