The STATE of Utah, Plaintiff and Respondent,

v.

Robert Charles DAVIS, Defendant and Appellant.

No. 14313.

Supreme Court of Utah.

Aug. 24, 1976.

---

Larry R. Keller, of Salt Lake Legal Defender Assn., Salt lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from two convictions,—one burglary, the other theft.[1] Affirmed.

Davis urges 1) an unconstitutional seizure under the state and federal constitutions relating thereto, 2) without probable cause. Both phases may be treated together. We think neither contention is meritorious.

Officer Hanks, with ten years' experience as a peace officer, on a certain after-

---

1. Title 76–6–202, and 76–6–404, respectively, Utah Code Annotated 1953, as amended.

noon was holding under surveillance, one Walker, co-accused, whom he knew to have been arrested in Price, Utah (which arrest Walker at first denied), and defendant Davis, whom he knew previously had been convicted of burglary. He saw Walker and Davis leave an apartment, temporarily lost sight of them, and about 10 to 12 minutes later saw them in a Volkswagon van, driven by Walker, sitting in the driveway of another apartment, and as he passed, waved to Davis, whom he knew, —who waved back. The officer pulled up to let the van pass, but Walker voluntarily stopped behind the patrol car. Davis jumped out of the van and quickly walked toward the patrol car, when the officer, Hanks, got out. A brief conversation ensued, Davis volunteered he had been visiting a friend in the apartment. Walker showed Hanks his driver's license at the latter's request, which proved authentic. Hanks noticed a stereo in the van, and without solicitation, Davis stated he knew nothing about the stereo. Hanks radioed for another officer, and told one that appeared to watch the two while he checked the apartment from which the two had come. He found a jimmied open door, with wood splinters lying around and observed pictures and lamps lying about as if the room had been ransacked. He returned to the van and arrested the pair, obtained a search warrant for the van, confiscated the stereo, a piggy bank, and other items, and later, with another warrant to search Davis, found two Eisenhower silver dollars taken from the apartment in the latter's personal effects.

Counsel for Davis relies on *State v. Bradshaw*, 541 P.2d 800 (Utah 1975), which quotes from *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), almost entirely as to the unconstitutional seizure contention. We think Bradshaw is not apropos or close to being dispositive and that Terry's language more nearly supports our affirmance. Under the facts of this case, we consider the following cases as being pertinent and dispositive: *Terry v. Ohio* (supra) apparently, and *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Brinegar v. U. S.*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *State v. Torres*, 29 Utah 2d 269, 508 P.2d 534 (1973); *State v. Criscola*, 21 Utah 2d 272, 444 P.2d 517 (1968).

ELLETT, CROCKETT, TUCKETT, and MAUGHAN, JJ., concur.