**STATE of Utah, Plaintiff and Respondent,**

v.

**Edward HOUSER, Defendant and Appellant.**

No. 18128.

Supreme Court of Utah.

Aug. 16, 1983.

**438**

Linda E. Carter, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from two convictions by a jury of carrying a concealed dangerous weapon [1] and theft by receiving.[2]

The believable facts supporting the verdicts are related in brief as follows. On December 14, 1980, a burglary was committed at the home of a local doctor. Taken from the home were a desk set, calling cards, a birth certificate, an uncashed check, several pieces of jewelry, coins and a watch. Defendant contends that the burglars came to his home with the stolen property. He said he saw the name of the doctor on some of the items, and that one of the burglars sorted the items to separate those having "precious metals" in order to sell them. Defendant said he would not

---

1. U.C.A., 1953, § 76–10–504.

2. U.C.A., 1953, § 76–6–408.

help in any sale but would show where the items could be sold.

On New Year's eve, defendant went to his sister's home, where he found the burglars with the stolen goods still in their possession. He said he bought some of the items for $50. Defendant placed the items in his backpack. On returning to his "residence,"[3] defendant found a pistol which had been left by unknown persons who had burglarized the residence. The pistol was also placed in defendant's backpack, allegedly to be kept until it could be turned over to the police for fingerprinting.

The next day, New Years, defendant, his daughter and his girlfriend went to get something to eat, and he took the backpack with him so that the burglars would not steal it if they returned. At about 4:00 p.m. that same day, an officer saw defendant pushing a hand cart which defendant subsequently placed in his vehicle. The officer stopped the defendant to investigate. His reasons for doing so specifically were: 1. he knew the defendant; 2. defendant had been evicted from the home (where he repeatedly revisited); 3. defendant had a criminal record; 4. the officer felt he had seen all of defendant's possessions before, which possessions did not include a hand cart; 5. it seemed strange to see the defendant pushing the hand cart down the street; and 6. defendant's former landlord had asked the officer to arrest the defendant for trespass if he entered the premises. While the officer questioned defendant, his partner radioed that the name "Stokes Brothers" was painted on the cart. The cart was impounded and inquiry was attempted to find someone connected with the store, to no avail. Defendant was then placed under arrest for theft of the cart. Subsequently, a search of the backpack was made, disclosing the stolen items and the gun. Defendant was read his rights after the arrest and he volunteered that he received the property from the burglars. Later that month defendant turned over some

of the jewelry. This was done apparently in exchange for his testimony against the burglars, who disappeared and could not be located thereafter.

On appeal, defendant urges that the trial judge abused his discretion in denying defendant's motion to suppress any evidence resulting from the search.

■ As to stopping the defendant to question him, the defendant says there was no reason to justify such intrusion under U.C.A., 1953, § 77–7–15, or under the stop and frisk decision in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We deem both the statute and the *Terry* case to sanction such detention since there existed "articulable facts, which taken together, with rational inferences therefrom," justified the restraint.

■ It is within the province of the trial judge to determine the reasonableness of the detention and its admissibility under the particular facts of each case.[4] As stated in *State v. Folkes,* Utah, 565 P.2d 1125 (1977):

When a police officer sees or hears conduct which gives rise to a suspicion of crime, he has not only the right but the duty to make observations and investigations to determine whether the law is being violated; and if so, to take such measures as are necessary in the enforcement of the law.

■ Defendant contends that the search of his car (which disclosed ownership of the cart) constituted an unreasonable search and seizure. The simple answer to this point on appeal is that the evidence clearly showed the cart was in "plain view." In our recent case of *State v. Romero,* Utah, 660 P.2d 715 (1983), is found an extended analysis relating to the "plain view" exception to constitutional prohibition, and a presentation, with comment, of a number of pertinent cases, all of which are supportive of the rulings of the trial court in this case.

■ As the question of probable cause for the arrest, we conclude that such cause

---

**3.** Defendant had been evicted and officers were asked to arrest defendant if he were seen at the residence.

**4.** *State v. Torres,* 29 Utah 2d 269, 508 P.2d 534 (1973); *State v. Whittenback,* Utah, 621 P.2d 103 (1980).

subsisted in this case, as was reflected in the facts. U.C.A., 1953, § 77–7–2 provides, in part, as follows:

> A peace officer may make an arrest ... without warrant ... (1) for a public offense committed or attempted in his presence; ... (3) When he has reasonable cause ... for believing the person may: (a) Flee ... to avoid arrest ....

The cart bearing the store's name was being pushed by defendant away from the store and toward his former residence, on a holiday when the store was closed, with no satisfactory explanation as to why.

Defendant contends that the search of his backpack, which led to the convictions here concerned, was illegal. In view of our conclusions as to the legality of the detention based on the officer's reasonable suspicion, and as to the legality of the arrest for theft of the cart, this point on appeal is without merit. Besides, this point appears to be improper for appellate review, since there was no timely and specific objection[5] made as to such point in the court below.[6]

The evidence adduced at trial was sufficient to convict the defendant. The verdict and judgments are affirmed.

---

**5.** Spoken of as the "contemporaneous objection rule."

**6.** *State v. McCardell,* Utah, 652 P.2d 942 (1982); *State v. Larocco,* Utah, 665 P.2d 1272 (1983).