**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Joseph Orville WILLIAMSON, Defendant and Appellant.**

**No. 18734.**

Supreme Court of Utah.

Dec. 5, 1983.

Walter R. Ellett, John B. Hiatt, Murray, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appellant was convicted of theft by receiving (in violation of U.C.A., 1953, § 76–6–408). The property was seized under a search warrant claimed by appellant to have been issued without probable cause in violation of the Fourth Amendment. For that reason appellant claims error in the denial of his motion to suppress the evidence.

On July 28, 1981, police officers stopped an automobile driven by one Doug Bateman. Machine gun parts were found in the trunk of Bateman's automobile.[1] The parts were identified as property stolen in 1980 from the manufacturer. Bateman said he had stolen the property from a storage unit in a storage warehouse on the evening he was arrested. He said he had broken into seven different storage units. He was unsure as to which unit contained the parts, but indicated they were in view once the door was opened.

Based upon this information, a search warrant for the seven units was issued with the following restrictions: officers could only open the door of an individual unit to determine whether that unit contained the stolen weapons; once the correct unit was identified, officers could not open the door to any other unit; and officers could enter only the unit containing the stolen property. In the second or third unit they checked, officers discovered the machine gun parts. Further investigation led to the identity of appellant as the person responsible for rental of the storage unit in which the parts were discovered. Appellant admitted that he was aware the parts were in his unit and that they were stolen.

The claim on appeal is that the warrant was overbroad and was employed illegally to obtain evidence. As to the first point, the claim is that the affidavit filed by a peace officer to support issuance of the warrant did not suffice to show probable cause. However, the affidavit appears to have been restricted to eliminate any question as to probable cause, since it asked only to search seven lockers in series, each numbered, to be opened one at a time without entry. As indicated *supra*, the officers were permitted only to look inside the lockers to determine if the contraband was visible to the eye, and if so, to refrain from search of the others. Such conditions were honored after the officers saw the property sought in one of the lockers.

In a recent case[2] this Court examined pertinent authorities in depth, all of which subscribed to the test of "reasonableness" in determining necessary probable cause. We quoted a recent United States Supreme Court decision[3] that approved the reasonableness test based on totality of that which is presented to the magistrate. Those decisions resolve the issue of probable cause based on the facts sufficient to satisfy constitutional guarantees.

We conclude that there was probable cause to issue the search warrant in the instant case. Such a conclusion is fortified by the authorities stressing the discretion afforded the magistrate in his finding of probable cause for issuance of the warrant.[4] "Common sense" is the hallmark in determining the propriety of such issuance.[5]

The claim that the warrant was issued on the basis of evidence illegally obtained is without substance, since the warrant was based on information obtained from a private citizen who was not acting as an agent of the State. The fact that the

1. The search of Bateman's car is not an issue on this appeal.

2. *State v. Anderton,* Utah, 668 P.2d 1258 (1983).

3. *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

4. *State v. Romero,* Utah, 660 P.2d 715 (1983).

5. *State v. Criscola,* 21 Utah 2d 272, 444 P.2d 517 (1968).

property sought was illegally discovered in the process of a burglary in the first instance does not make illegal a warrant to obtain the stolen goods in order to prove the gravamen of the offense charged. That procedure is perfectly legitimate if based on probable cause.[6]

■ In addition, the appeal is vulnerable to dismissal for appellant's failure to refer in his brief on appeal to any part of the record supportive of his contentions. This is required by Rule 75(p)(2)(2)(d), Utah R.Civ.P.[7]

The judgment and · conviction are affirmed.

STEWART, J., concurs in the result.

---

**6.** *See, e.g., State v. Pontier,* 103 Idaho 91, 645 P.2d 325 (1982), and *State v. Mannhalt,* 33 Wash.App. 696, 658 P.2d 15 (1983).

**7.** *See State v. Tucker,* Utah, 657 P.2d 755 (1982).