The STATE of Utah, Plaintiff and Respondent,

v.

Joseph W. SWANIGAN, Defendant and Appellant.

No. 19320.

Supreme Court of Utah.

March 28, 1985.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Roger Blaylock, Asst. Co. Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted of the crime of burglary in violation of U.C.A., 1953, § 76–6–202. His one- to fifteen-year sentence was stayed and he was placed on conditional probation. On appeal, defendant alleges that evidence linking him to the crime was erroneously admitted at trial.

On the evening of April 21, 1981, Mr. and Mrs. Baumgartner went to the airport to pick up their daughter-in-law. They returned to their home at approximately 10:30 p.m. to find that it had been burglarized. Some jewelry, a pocketknife, and a key chain were among the items stolen. They telephoned the police, and Officer

---

2. *State v. Ontiveros,* Utah, 674 P.2d 103 (1983).

3. See *State v. Prince,* 75 Utah 205, 284 P. 108 (1930); *State v. Norman,* Utah, 580 P.2d 237 (1978).

Craig Young was assigned to investigate. While enroute, about a block from the Baumgartner's home, Young noticed two individuals walking along the road. The two allegedly "stared" at Young as he drove by. As the officer proceeded to the Baumgartner home, he called his dispatcher and requested broadcast of an "attempt to locate" the two individuals he had seen.

Over two hours later, at approximately 1:40 a.m., another officer spotted two individuals fitting the general description given by Young. As he patrolled the area, Officer Bithell observed defendant and his companion walking some three blocks from the Baumgartner home. Bithell ordered the two to stop and then asked for identification. After backup officers Young and Cheaver had arrived, a warrant check was made on the two individuals. When it was learned that there was an outstanding traffic warrant on defendant, he and his companion were arrested. In the subsequent pat-down search of the pair, officers recovered some of the property taken from the Baumgartner's home.

Defendant was charged with burglary. Prior to trial, defendant filed a motion to suppress the evidence seized from his person after he was detained by Officer Bithell. Defendant challenged the detention as being violative of his fourth amendment rights as set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The trial court denied defendant's motion, holding that under U.C.A., 1953, § 77–7–15, and *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the detention was based upon a "reasonable suspicion" on the part of the officers. At trial, defendant objected to the admission of the evidence he had challenged in his pretrial motion. The evidence was nevertheless admitted, and defendant was convicted as charged.

On appeal, defendant seeks alternatively reversal of his conviction or a new trial, based upon the erroneous admission of the incriminating evidence. The State confesses error, admitting that the evidence was seized as the result of an unlawful detention.

A brief investigatory stop of an individual by police officers is permissible when the officers "have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979). In denying defendant's motion to suppress, the trial court noted this general standard, but erroneously applied it. In the instant case, the officer who stopped defendant and his companion lacked a reasonable suspicion to believe they had engaged in criminal conduct. The stop was based solely on a description by a fellow officer who had observed the two walking along the street at a late hour in an area where recent burglaries had been reported. Neither officer had any knowledge that defendant and his companion had been at the scene of the crime. The officers had not observed the men engaged in any unlawful or suspicious activity. On the facts presented, the stop was based on a mere hunch rather than the constitutionally mandated "reasonable suspicion"; consequently, the confiscated evidence was erroneously admitted at trial.

Defendant's conviction is therefore reversed, and the case is remanded for a new trial.