The STATE of Utah, Plaintiff and Appellant,

v.

George T. CARPENA and George Aguilar, Defendants and Respondents.

Nos. 20830, 20831.

Supreme Court of Utah.

Feb. 4, 1986.

David L. Wilkinson, Atty. Gen., Salt Lake City, Les Daroczi, Deputy County Atty., Ogden, for plaintiff and appellant.

Deirdre Gorman, Randy Richards, Ogden, for defendants and respondents.

PER CURIAM:

Defendants were arrested and charged with possession of a controlled substance

(marijuana) with intent to distribute for value. On motion of defendants, the charges were dismissed and the State appeals. Affirmed.

A police officer patrolling a neighborhood in which a rash of burglaries had recently occurred observed at 3:00 a.m. a slowly moving automobile with Arizona plates. Defendants and another man were in the vehicle. The officer did not observe any criminal or traffic offense, and no report of a burglary had been reported to the police that night. The police officer followed the car for three blocks, then turned on his red lights. The car turned into the driveway of a residence which belonged to one of the occupants, and the three men got out of the car. After finding an unloaded pistol under the driver's seat of the car, the officer removed the keys from the ignition and opened the trunk without the consent of any of the occupants of the automobile. Thirty pounds of marijuana were found in a garment bag in the trunk.

At a pretrial hearing, defendants moved to suppress the evidence. The district court granted the motion, ruling that the officer had no reasonable suspicion to make an investigatory stop. The State appeals from that ruling.

The State argues that the court's ruling should be overruled by this Court and cites U.C.A., 1953, § 77-7-15 as permitting the admission of the evidence seized here. That section provides:

> A peace officer may stop any person in a public place when he has a reasonable suspicion to believe he has committed or is in the act of committing or is attempting to commit a public offense and may demand his name, address and an explanation of his actions.

Under this statute, a "brief investigatory stop of an individual by police officers is permissible when the officers 'have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" *State v. Swanigan*, Utah, 699 P.2d 718, 719 (1985), quoting *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979).

We find that the district court did not err in determining that the officer here had no reasonable suspicion to make an investigatory stop. The stop was based merely on the fact that a car with out-of-state license plates was moving slowly through a neighborhood late at night. The officer had no objective facts on which to base a reasonable suspicion that the men were involved in criminal activity. The ruling of the district court is affirmed.