**STATE of Utah, Plaintiff and Respondent,**

v.

**Gerald W. DEITMAN and Albert D. Lozano, Defendants and Appellants.**

No. 20584.

Supreme Court of Utah.

May 28, 1987.

David C. Biggs, Brooke C. Wells, Salt Lake City, for defendants and appellants.

David Wilkinson, Kimberly Hornak, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendants appeal from convictions of burglary[1] and theft.[2] They raise as their single issue that the evidence should have been suppressed on the ground that police officers had insufficient probable cause to effectuate a stop. We affirm.

In the early morning hours of March 1, 1984, a burglar alarm sounded at International Video in Salt Lake City. Officers arriving at the scene observed a white pick-up truck, with a camper attached, pull away from the curb across the street from the shop. One of the officers followed this truck until it stopped in front of a residence a few blocks away. The officer waited until the occupants, defendants, exited the vehicle. The officer called to defendants and asked if he could speak to them. They responded by crossing the street to his vehicle and presented identification upon request. The officer then asked his dispatcher to check for outstanding warrants against defendants, which revealed an outstanding warrant against Mr. Loza-

no. However, neither defendant was arrested at this time.

The officer then returned to the video shop, where other officers had found a broken window and had called the owner of the shop. The owner reported that a two-piece video cassette recorder was missing.

Officers returned to the residence where the white truck was still parked and knocked on the door. Defendants agreed to talk to the officers. Defendant Deitman gave the officers permission to look into the truck but not to enter it. One officer flashed his light into the rear window of the camper and observed "a black rectangular object with what appeared to be a memory switch." Defendants were arrested and the truck was impounded. A search warrant was obtained. The truck was searched, and a VCR and a tuner were discovered in the truck. The VCR had the serial No. 2025H0058. The serial number reported by the owner to be on the missing VCR was No. 202510058. This number was therefore listed on the search warrant.

Defendants contend that the officers had no probable cause for the initial stop and that the trial court erred in denying their pretrial motion, renewed at trial, to suppress the evidence.

In *United States v. Merritt*, 736 F.2d 223 (5th Cir.1984), the Fifth Circuit Court delineated three levels of police encounters with the public which the United States Supreme Court has held are constitutionally permissible:

(1) an officer may approach a citizen at anytime [sic] and pose questions so long as the citizen is not detained against his will; (2) an officer may seize a person if the officer has an "articulable suspicion" that the person has committed or is about to commit a crime; however, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop"; (3) an officer may arrest a suspect if the officer has

---

1. A third degree felony under Utah Code Ann. § 76–6–202 (1953).

2. A second degree felony under Utah Code Ann. § 76–6–412 (1953).

probable cause to believe an offense has been committed or is being committed. 736 F.2d at 230 (citation omitted).

■ In this case, the initial encounter by the police with defendants falls into the first category. The officer was justified in asking defendants for identification and an explanation of their presence in an area where police had responded to a burglar alarm. Defendants were not detained against their will and were not arrested at this time. In *State v. Wittenback*, 621 P.2d 103 (Utah 1980), this Court said:

> Though there may be no probable cause to make an arrest, a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for investigating possible criminal behavior.

621 P.2d at 105.

■ Defendants rely on *State v. Swanigan*, 699 P.2d 718 (Utah 1985), and *State v. Carpena*, 714 P.2d 674 (Utah 1986), but neither case is applicable here. In both *Carpena* and *Swanigan*, the defendants were stopped, detained, and searched without their consent. Here, defendants were not stopped by the officer and raised no objection when the officer asked if he could talk to them. They crossed the street, produced identification on request, and were not detained against their will. We hold that the court did not err in refusing to suppress the evidence under these circumstances.

Defendants also argue that the search warrant was defective because the serial number of the VCR contained an incorrect number in place of a letter. However, since defendants admit that this error in the warrant did not render the property seized "inherently unidentifiable as being stolen," *State v. Gallegos*, 712 P.2d 207 (Utah 1985), we do not discuss the issue.

Affirmed.

HOWE, J., concurs in the result.