STATE of Utah, Plaintiff and Respondent,

v.

Dale L. BAUMGAERTEL, Defendant and Appellant.

No. 870330–CA.

Court of Appeals of Utah.

Oct. 5, 1988.

James C. Bradshaw, Elizabeth Bowman, Salt Lake Legal Defenders, Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., Dan R. Larsen, Asst. Atty. Gen., for plaintiff and respondent.

Before BILLINGS, GARFF and GREENWOOD, JJ.

OPINION

GARFF, Judge:

Defendant Dale Lynn Baumgaertel appeals from a judgment and conviction of burglary, a third degree felony, in violation of Utah Code Ann. § 76-6-202 (1987), arguing that he was the victim of an unconstitutional search and seizure. We affirm his conviction.

At 4:30 a.m. on February 2, 1987, a Salt Lake County deputy sheriff observed a pickup truck pull out of a parking lot adjacent to Ernie's Automotive, an automobile parts and service shop which had been closed since 8:00 p.m. that evening. The deputy had passed the same parking lot approximately fifteen minutes earlier, had not seen this pickup truck in that parking lot, and had observed that the other vehicles in the parking lot were covered with frost and had been there for some time.

The deputy decided to follow the pickup. His articulated reasons for this decision were: (1) the lateness of the hour; (2) his knowledge that Ernie's Automotive had recently been burglarized several times; (3) that there had been a "rash of burglaries" in the area recently; (4) his "hunch" that the truck was involved in criminal activity; and (5) that he had not seen this particular truck when he had inspected the parking lot fifteen minutes earlier.

The deputy made a U-turn behind the truck. As he made the turn, he observed that the vehicle accelerated faster than a "normal vehicle" would have, but was still not breaking the speed limit. He interpreted this action as the driver's attempt to evade him. He followed the vehicle to the driveway of a private residence. As he got out of the patrol car to speak with the driver, the deputy observed numerous auto parts in the back of the truck. The driver was identified as Michael Vern Smith, and

the passenger as appellant. The deputy arrested Smith and appellant.

A suppression hearing was held on March 20, 1987, regarding the legality of the stop. The trial court denied appellant's motion to suppress. Because the only arguable issue was the legality of the stop, the case was submitted to the court without testimony. Based upon evidence presented at the suppression hearing and upon counsels' stipulations,[1] the trial court found appellant guilty of burglary.

Appellant appeals this judgment, raising the legality of the stop as the only issue on appeal.

To justify an "investigatory stop" or "seizure" that falls short of an official arrest, a peace officer "must point to specific, articulable facts which, together with rational inferences drawn from those facts, would lead a reasonable person to conclude [the suspect] had committed or was about to commit a crime." State v. Trujillo, 739 P.2d 85, 88 (Utah Ct.App.1987). This assessment must be judged against an objective standard: "[W]ould the facts available to the officer at the moment of the seizure or the search 'warrant a [person] of reasonable caution in the belief' that the action taken was appropriate?" Id. (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). The officer's good faith is not enough, id., and his "inchoate and unparticularized suspicion or 'hunch'," by itself, is insufficient to justify such a stop. Terry, 392 U.S. at 27, 88 S.Ct. at 1883.

Utah Code Ann. § 77-7-15 (1982) codifies this rule, allowing a "peace officer [to] stop any person in a public place when he has a reasonable suspicion to believe he has committed or is in the act of committing or is attempting to commit a public offense and may demand his name, address and an explanation of his actions." This section thus permits a brief investigatory stop of an individual by police officers "when the officers 'have a reasonable suspicion, based on

1. These stipulations included appellant's admission to a police officer that he had assisted Smith in carrying items of personal property from Ernie's Automotive, and his spontaneous statement in the presence of police officers that while he and Smith were in Ernie's together, they had not touched any cash and had not touched the cash drawer.

objective facts, that the individual is involved in criminal activity.'" *State v. Carpena*, 714 P.2d 674, 675 (Utah 1986) (quoting *State v. Swanigan*, 699 P.2d 718, 719 (Utah 1985). Because "a trained law enforcement officer may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer," he may assess these facts in the light of his experience. *Trujillo*, 739 P.2d at 88–9.

Appellant, relying upon *State v. Carpena* and *State v. Swanigan*, argues that because the deputy did not observe a traffic offense or any criminal activity and was not aware of any burglary report that night for Ernie's Automotive, he was operating solely on the basis of a "mere hunch," and, therefore, there were no specific articulable facts to justify the investigatory stop. Thus, appellant asserts that the trial court should have granted appellant's motion to suppress.

The Utah Supreme Court found that the reasonable suspicion standard was not met in *Carpena*. In *Carpena*, a police officer, while patrolling a neighborhood at 3:00 a.m. in which a rash of burglaries had recently occurred, observed a slowly moving vehicle with Arizona plates. He did not observe any criminal conduct or traffic offenses and was not aware of any burglary report that night. He followed the car for three blocks. The car turned into the driveway of a residence which belonged to one of the occupants. The officer found an unloaded pistol under the driver's seat, removed the keys from the ignition, and opened the trunk without consent of the occupants of the automobile, discovering thirty pounds of marijuana in a garment bag. The supreme court found that the district court did not err in suppressing the evidence because "[t]he stop was based merely on the fact that a car with out-of-state license plates was moving slowly through a neighborhood late at night," and, therefore, the officer did not have any objective facts upon which to base a reason-

able suspicion that the occupants of the car were involved in criminal activity. *Id.* at 675.

The Utah Supreme Court found similar insufficient circumstances in *Swanigan*, because the arresting officers stopped defendants "based solely on a description by a fellow officer who had observed the two [defendants] walking along the street at a late hour in an area where recent burglaries had been reported," and had not observed the men engaged in any unlawful or suspicious activity. *Swanigan*, 699 P.2d at 719. Similarly, this Court, in *Trujillo*, found that defendants' presence in a high crime area at a late hour, coupled with their subsequent "nervous" conduct in the presence of police and the lack of any current reports of criminal activity in the area, is insufficient evidence to support a reasonable suspicion that the defendants were involved in criminal conduct because such facts are consistent with innocent as well as criminal behavior. *Trujillo*, 739 P.2d at 89.

In summary, *Carpena*, *Swanigan*, and *Trujillo* suggest that travelling in a lawful manner at a late hour in a high crime area, and acting in a nervous manner in the presence of police is not sufficient to support a reasonable suspicion that the suspect is involved in criminal conduct. The instant facts, however, are distinguishable from these cases. Here, while the above factors were present, the deputy also based his decision to follow the pickup truck upon his observation that he had not seen this particular truck when he had inspected Ernie's Automotive parking lot fifteen minutes earlier and that there was no legitimate reason for the truck to be there, since Ernie's Automotive had been closed for over eight hours. This observation elevated the deputy's decision to follow the truck from being a mere "hunch," to a fact sufficient for the deputy to conclude that the occupants of the vehicle may have been engaged in criminal activity.[2] "When a

---

2. We note that the deputy's observation of the driver's "evasive" behavior in driving faster than "normal" upon being followed by the deputy was made after the deputy decided to follow the vehicle, and, thus, did not enter into the facts upon which he based his suspicion of criminal activity.

police officer sees or hears conduct which gives rise to a suspicion of crime, he has not only the right but the duty to make observations and investigations to determine whether the law is being violated; and if so, to take such measures as are necessary in the enforcement of the law." *State v. Houser*, 669 P.2d 437, 439 (Utah 1983) (per curiam) (quoting *State v. Folkes*, 565 P.2d 1125, 1127 (Utah 1977)).

We thus find appellant's argument to be without merit and affirm his conviction.

BILLINGS and GREENWOOD, JJ., concur.