**STATE of Utah, Plaintiff and Appellee,**

v.

**John Michael TETMYER, Defendant and Appellant.**

No. 960702–CA.

Court of Appeals of Utah.

Oct. 17, 1997.

Rosalie M. Reilly, Monticello, for Defendant and Appellant.

Jan Graham and Joanne C. Slotnik, Salt Lake City, for Plaintiff and Appellee.

Before WILKINS, Associate P.J., and GREENWOOD and JACKSON, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant John Michael Tetmyer appeals from the trial court's order denying his motion to suppress evidence. Following the trial court's denial of his motion to suppress, defendant entered a conditional guilty plea to possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (1996). We reverse.

## BACKGROUND

Because we are reviewing the trial court's decision denying defendant's motion to suppress, we recite the facts in a light most favorable to the trial court's findings. *See State v. Montoya*, 937 P.2d 145, 147 (Utah. Ct.App.1997).

At approximately two o'clock in the afternoon on December 23, 1995, Trooper Rick Eldredge, a Utah Highway Patrol trooper, was sitting in a window booth at the Trailside convenience store in Monticello, Utah when he saw a person approaching the store. The person almost fell as he went up the store steps, entered the store, and then headed directly for the bathroom. According to Trooper Eldredge, the person, who had come from the passenger side of defendant's car, which was parked at the gasoline pumps, had "very red, glassy eyes," was "staggering off line," and appeared to be "very intoxicated." On his way out of the store, the person again almost fell down the store steps.

Meanwhile, defendant was putting gasoline into his car. After he finished fueling his car, defendant came into the store. Defendant was wearing dark sunglasses, which he kept on inside the store. Defendant also headed straight for the bathroom and appeared to Trooper Eldredge to be "walking off line." After exiting the bathroom, defendant selected a few items from the store shelves, bought them, and left the store. Defendant did not have any trouble with carrying the items he purchased or with returning to his car.

Soon after defendant and his passenger drove away, Trooper Eldredge also left. Trooper Eldredge pursued defendant's vehicle, but did not see defendant commit any traffic violations. At the edge of town, Trooper Eldredge stopped defendant's vehicle.

 In the course of the stop, defendant was found to be in possession of controlled substances, drug paraphernalia, and open containers of alcohol. Several charges were filed against defendant, including one felony charge. Defendant moved to suppress all the evidence. After a hearing, the trial court denied defendant's motion to suppress. Defendant then entered a conditional guilty plea to the single felony count, and all other charges were dismissed. The conditional plea preserved defendant's right to appeal

the trial court's suppression ruling. *See State v. Sery,* 758 P.2d 935, 939 (Utah.Ct. App.1988).

Exercising this right, defendant now appeals the trial court's order denying his motion to suppress the evidence. Specifically, defendant argues his constitutional right to be free of unreasonable seizures was violated because Trooper Eldredge lacked reasonable suspicion to justify stopping defendant's vehicle, and thus the evidence was illegally obtained during the course of the stop and should be suppressed.

## ANALYSIS

■■ " '[S]topping an automobile and detaining its occupants constitute a "seizure" within the meaning of [the Fourth and Fourteenth] Amendments.' " *State v. Case,* 884 P.2d 1274, 1276 (Utah.Ct.App.1994) (quoting *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979)). "A limited crime investigation stop, as defined by *Terry v. Ohio* and its progeny, must meet a two-prong test to overcome the Fourth Amendment's prohibition against unreasonable seizures. First, the officer's initial stop must be justified; second, subsequent actions must be within the scope of the circumstances justifying the stop." *Case,* 884 P.2d at 1276; *see also Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). In this case, defendant challenges only the constitutionality of the initial stop. Therefore, we address only the first prong of the *Terry* test and examine whether Trooper Eldredge's stop of defendant was constitutionally justified.

■■ A stop is constitutionally justified if the officer has reasonable, articulable suspicion that the defendant has been, is, or is about to be engaged in criminal activity. *See* Utah Code Ann. § 77-7-15 (1995); *State v. Pena,* 869 P.2d 932, 940 (Utah 1994). Therefore, the sole issue we address is whether, based on the facts of this case, Trooper Eldredge's initial stop of defendant was supported by reasonable, articulable suspicion.

■■ This court determines whether sufficient specific and articulable facts exist to establish reasonable suspicion by examining the totality of the facts and circumstances of the case. *See Case,* 884 P.2d at 1276; *see also Terry,* 392 U.S. at 21, 88 S.Ct. at 1880 ("And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."); *State v. Potter,* 863 P.2d 40, 43 (Utah.Ct.App. 1993) ("There is no bright line test for determining if reasonable suspicion exists. Rather, courts must look at the totality of the circumstances." (citation omitted)). "[W]hether a specific set of facts gives rise to reasonable suspicion is a determination of law and is reviewable nondeferentially for correctness ... [with] a measure of discretion [afforded] to the trial judge when applying that standard to a given set of facts." *Pena,* 869 P.2d at 939.

■■ The trial court made four findings to support its conclusion that Officer Eldredge had reasonable suspicion to stop defendant's vehicle: (1) defendant continued to wear his sunglasses after he entered the convenience store; (2) both defendant and his passenger walked directly to the bathroom after entering the convenience store; (3) defendant's passenger was obviously intoxicated; and (4) defendant walked "off line" when he entered the convenience store and walked to the bathroom. Regarding the last finding that defendant walked "off line" to the bathroom, the trial court found that defendant's failure to walk in a straight line was "not obvious" and was something Trooper Eldredge "may not have really paid attention to were it not for the obviously intoxicated condition of the passenger."

After making these four findings, the trial court concluded that although this was a "close case," these four articulable facts gave Trooper Eldredge reasonable suspicion that defendant was driving while under the influence. *See* Utah Code Ann. § 41–6–44(1)(a)(ii) (1993) ("A person may not operate or be in actual physical control of a vehicle within this state if the person ... is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle.") (recodified

at Utah Code Ann. § 41–6–44(2)(a)(ii) (Supp. 1997)). In addition, the trial court concluded that these four factors also provided reasonable suspicion that defendant or his passenger was committing an open container violation. *See* Utah Code Ann. § 41–6–44.20(1) (1993) ("A person may not drink any alcoholic beverage while operating a motor vehicle or while a passenger in a motor vehicle, whether the vehicle is moving, stopped, or parked on any highway.").

On appeal, in addition to arguing that Trooper Eldredge lacked reasonable suspicion, defendant challenges the trial court's finding that he was walking "off line." However, we need not address this challenge because even if we accept all four of the trial court's findings, we conclude that these four facts, when viewed objectively, do not provide a sufficient basis to give rise to a reasonable suspicion that defendant was driving while under the influence or that he or his passenger was committing an open container violation. *See State v. Leonard,* 825 P.2d 664, 668 (Utah.Ct.App.1991) ("This court has further refined the *Terry* reasonable suspicion test, concluding that a 'brief investigatory stop must be based on "objective facts" that the "individual is involved in criminal activity." ' " (citations omitted)).

An innocent explanation may easily be given for each of the four factors relied upon by the trial court. For example, many people do not take their sunglasses off when entering a convenience store. Similarly, many people walk directly to the bathroom when stopping for gasoline, especially when, as the trial court recognized in this case, an approximately fifty-mile stretch exists between stops. As the trial court stated:

> Well, I don't want officers stopping people who walk into the Trailside or any other convenience store wearing sunglasses and not taking them [off] when they walk into the store. Because I wear sunglasses when I drive. They're prescription sunglasses, and I don't change them to these glasses I'm wearing today just 'cause I walk inside the—a convenience store. I don't want officers stopping people just because they make a beeline for the restroom when they stop at a

gas station. Those are both innocent enough that certainly standing on their own, they are items that do—that do not narrow down the field sufficiently to justify stopping someone under those circumstances.

In addition, driving an intoxicated passenger is also a legal activity, as is walking "off line."

In concluding that these four circumstances provided Trooper Eldredge with reasonable suspicion that defendant was driving under the influence, the trial court relied heavily on the fourth factor—that defendant walked "off line," meaning he failed to walk in a straight line—when he walked to the bathroom. However, the trial court also found that defendant's failure to walk in a straight line was "not obvious" and probably would not even have been noticed by Trooper Eldredge had defendant's passenger not been obviously intoxicated. Therefore, even the trial court acknowledged that the circumstance that most supported its determination of reasonable suspicion that defendant was driving while under the influence was only slightly noticeable to Trooper Eldredge, a trained highway patrol trooper.

We hold that, taken together, these four articulated circumstances do not provide reasonable suspicion that defendant was driving while under the influence. Instead, these circumstances "describe a very large category of presumably innocent travelers, who would be subject to virtually random seizures were [we] to conclude that as little foundation as there was in this case could justify a seizure." *Reid v. Georgia,* 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980). Although the information an officer relies upon in making a seizure "need not be illegal or describe illegal activity in order to give a law enforcement officer reasonable suspicion of criminal activity," *State v. Nguyen,* 878 P.2d 1183, 1186 (Utah.Ct.App.1994), in this situation, the conduct relied upon by Trooper Eldredge to stop defendant's vehicle was not indicative enough of criminal activity to give rise to reasonable suspicion. *Cf., e.g., State v. Carpena,* 714 P.2d 674, 675 (Utah 1986) (per curiam); *State v. Sykes,* 840 P.2d 825,

828 (Utah.Ct.App.1992); *State v. Trujillo,* 739 P.2d 85, 89–90 (Utah.Ct.App.1987).[1]

 We also hold the trial court erred in concluding that the four factors supported reasonable suspicion of an open container violation. On appeal, the State relies primarily on the trial court's uncontested finding that defendant's passenger was obviously intoxicated to support the trial court's conclusion regarding the open container violation. However, we conclude that without more facts than exist in this case, the presence of an intoxicated passenger does not give rise to reasonable suspicion of an open container violation.[2] *Cf. State v. Ramirez,* 817 P.2d 774, 785 (Utah 1991) ("In discussing the first element of *Terry,* what constitutes reasonable and articulable facts, the Supreme Court has said that 'a person's mere propinquity [(nearness)] to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.'" (quoting *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979))); *State v. Davis,* 821 P.2d 9, 12 (Utah.Ct.App.1991) (concluding officer had reasonable suspicion of open container violation because officer saw can of beer on car's trunk, open passenger door, and man urinating).

## CONCLUSION

We hold that insufficient facts existed to create the reasonable, articulable suspicion required to legally stop defendant's vehicle. Thus, the trial court erred in concluding Trooper Eldredge's stop of defendant was lawful. Consequently, we reverse the trial court's denial of defendant's motion to suppress all the evidence flowing from this seizure. *See Ramirez,* 817 P.2d at 786 (stating

evidence obtained as result of illegal seizure must be excluded).

Reversed.

GREENWOOD and JACKSON, JJ., concur.

---

1. We further note, in considering the totality of the circumstances of this case, that Trooper Eldredge, as he followed defendant through town, did not observe defendant commit any traffic violations or engage in driving techniques consistent with his theory that defendant was driving while under the influence. Given the facts of this case, this observation should have acted to mitigate against Trooper Eldredge's suspicions.

*Cf. State v. Bello,* 871 P.2d 584, 587 (Utah.Ct.App.1994).

2. Indeed, we note that allowing law enforcement personnel to stop people just because they have an intoxicated passenger in their vehicle may discourage people from acting as designated drivers, which would be contrary to public policy.